UNITED STATES *v.* SOY KEE & Co. (No. 3350)[1]

United States Court of Customs and Patent Appeals, January 21, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[1] T. D. 44563.

[Oral argument October 10, 1930, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT. Associate Judges

BLAND, Judge, delivered the opinion of the court:

The importation involved in this case came in at the port of New York, and consists of hollow, wooden blocks, brilliantly painted, which were invoiced as "wooden blocks," and are known, in China, as "mokugyos," and are in this country called "temple blocks." They are identical with the merchandise which was the subject matter of appeal 3335, *United States* v. *Foochow Importing Co.*, 18 C. C. P. A. (Customs) 313, T. D. 44562, in this court, decided concurrently herewith.

The collector classified the merchandise as musical instruments, dutiable at 40 per centum ad valorem under paragraph 1443 of the Tariff Act of 1922, and the importer protested the classification, claiming them to be dutiable at 33⅓ per centum ad valorem as manufactures of wood, not specially provided for, under paragraph 410 of said act.

The United States Customs Court sustained the protest, following its decision in *Foochow Importing Co.* v. *United States*, T. D. 43773, which in this court is *United States* v. *Foochow Importing Co., supra.*

The importer here contends that the instruments do not give musical tones and that, although used in orchestras, they are merely wooden blocks for ritualistic use in Chinese temples and are not musical instruments.

The issues in this case are identical with the issues in the *Foochow Importing Co.* case, *supra.* The evidence did not overcome the presumption of correctness of the collector's classification and the protest should have been overruled.

The judgment of the United States Customs Court is *reversed.*

GRAHAM, P. J., and GARRETT, J., dissent for reasons given in the dissenting opinion in *United States* v. *Foochow Importing Co.*, filed concurrently herewith.